CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2010 OCT -5 PM 1:13
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL BALLIET, Individually, and as Guardian of MARGARET BALLIET; and PEGGY BALLIET, <br><br> Plaintiffs, <br><br> v. <br><br> SUBARU OF AMERICA, INC.; SUBARU-ISUZU AUTOMOTIVE, INC.; FUJI HEAVY INDUSTRIES, LTD.; HIGH PRO LOGISTICS; REFIK APINYAN; and ZACHARY CHARLES PATTON, <br><br> Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 2:09-CV-136-J |

## ORDER APPROVING CREATION OF AND REQUIRING DISTRIBUTION OF PROCEEDS TO A SPECIAL NEEDS TRUST ESTABLISHED PURSUANT TO 42 U.S.C. §1396p(D)(4)(A) FOR THE BENEFIT OF MARGARET BALLIET

This matter came before the Court on Petition filed on behalf of Plaintiff Margaret Balliet, by and through counsel, petitioning for an order approving the creation of The Margaret Balliet Personal Injury Special Needs Trust and Subordinated Medicare Set Aside Arrangement and directing distribution of net settlement proceeds awarded to Plaintiff in this case to be paid to said Special Needs Trust established for the sole benefit of Plaintiff. Broadus A. Spivey, appearing on behalf of said Plaintiff in support of said Petition, and the Court having heard the arguments of counsel and the recommendations of the Guardian ad Litem, and no adverse interest being represented, the Court finds and orders as follows:

The suit by the said Plaintiff is based on and arises out of her claim for personal injuries allegedly resulting from negligence of the Defendants.

The nature of Plaintiff's injuries is such that she has been determined a "disabled person" within the meaning of 42 U.S.C. §1382c(a)(3), and by reason of such determination she is receiving or will soon receive certain public assistance benefits, including Social Security Disability Insurance ("SSDI") and Medicare. Due to Plaintiff's injuries, it is important that access to these benefits, as well as any other government benefits including "needs-based" benefits such as Medicaid, be maintained. Medicaid is a "needs-based" public assistance benefit, which provides important access to medical care and services not otherwise available to Plaintiff.

The Court has been advised that Plaintiff presently requires medical services for her injuries, and will continue to need these services in the future. Her eligibility for various government benefit programs, including any needs-based public assistance, such as Medicaid, would be eliminated unless the award on her behalf in the subject proceeding is paid to a special needs trust for her sole benefit established under the authority of 42 U.S.C. §1396p(d)(4)(A).

A proposed document entitled "The Margaret Balliet Personal Injury Special Needs Trust and Subordinated Medicare Set Aside Arrangement" (the "Trust") has been presented to the Court for review. Michael Balliet, Sr., Plaintiff's father, has also agreed to serve as Co-Trustee of the Trust, along with Plaintiff's brother, Michael Balliet, Jr., and The Trust Company of Sterne Agee, Inc. (hereinafter "Sterne Agee"). Sterne Agee shall serve as the sole corporate Co-Trustee and shall hold and manage all trust funds.

The Court understands that the purpose of the Trust is to maximize all resources available to the Plaintiff during her disability, and that for her present and future requirements she may need to rely on needs-based public assistance benefits and other

governmental sources of help to which she would not be entitled if the settlement proceeds were not held by a trust of this type.

The Court finds that it would be in the best interest of Margaret Balliet for any and all settlement proceeds awarded to her to be transferred and paid over to the corporate Co-Trustee of said Trust.

IT IS THEREFORE ORDERED that:

1. The creation of the Margaret Balliet Personal Injury Special Needs Trust and Subordinated Medicare Set Aside Arrangement exhibited to this Court is in her best interest, and is hereby approved by this Court and acknowledged to be a valid disability trust in compliance with 42 U.S.C. §1396p(d)(4)(A).

2. All net settlement funds awarded on Plaintiff's behalf (including the initial lump sum cash payment and the proceeds of a structured annuity to be purchased by the Defendants on behalf of Plaintiff to fund the Medicare Set Aside Share of the Trust) are hereby directed to be paid to the Trust Company of Sterne Agee, Inc., as the corporate Co-Trustee of The Margaret Balliet Personal Injury Special Needs Trust and Subordinated Medicare Set Aside Arrangement.

SIGNED this _5th_ day of October, 2010.

MARY LOU ROBINSON,
UNITED STATES DISTRICT JUDGE