IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MICHAEL BALLIET, Individually and as Guardian of MARGARET BALLIET; and PEGGY BALLIET<br>   Plaintiffs, | § § § § § | |
| v. | § § | CIVIL ACTION NO. 2:09-cv-136 |
| SUBARU OF AMERICA, INC.; SUBARU-ISUZU AUTOMOTIVE, INC.; FUJI HEAVY INDUSTRIES, LTD.; HIGH PRO LOGISTICS; REFIK APINYAN; and ZACHARY CHARLES PATTON<br>   Defendants. | § § § § § § § | <br><br><br><br><br>JURY DEMANDED |

## AGREED JUDGMENT

On this the _5th_ day of _October_, 2010, came on to be heard the above-styled and numbered cause wherein appeared Plaintiffs MICHAEL BALLIET, Individually and as Guardian of MARGARET BALLIET; and PEGGY BALLIET ("hereinafter Plaintiffs") and Defendants SUBARU OF AMERICA, INC.; SUBARU OF INDIANA AUTOMOTIVE, INC. and FUJI HEAVY INDUSTRIES, LTD. ("Subaru Defendants"), HIGH PRO LOGISTICS and REFIK APINYAN ("High Pro Defendants"), and ZACHARY CHARLES PATTON ("Patton") (Subaru Defendants, High Pro Defendants and Patton collectively "Defendants") (Plaintiffs and Defendants collectively referred to as "Parties"), and the Parties having waived a jury, it was announced to the Court that an agreement for settlement of all matters in controversy between Plaintiffs and all Defendants in their respective capacities as set out above has been reached, subject to the approval of the Court; and

  It further appears to the Court that Plaintiffs and all Defendants desire to compromise and settle their disputes, but recognize that damages have been incurred and

have accrued in the past and that damages will be incurred and will accrue in the future; and

It further appears to the Court that a total collective settlement of $4,200,000.00 (FOUR MILLION TWO HUNDRED THOUSAND DOLLARS AND NO CENTS) is in consideration of all of the Plaintiffs' damages with respect to the claims of Plaintiffs against all Defendants, both past and future, and the payments are in recognition of the fact that these damages have, in fact, partially accrued in the past and will continue to accrue in the future; and

It further appears to the Court that individual agreements for settlement have been reached by Plaintiffs and each of the Defendants subject to the approval of the Court ("Settlement Agreements"). The collective settlement funds referenced above are to be apportioned and distributed as follows:

| | |
|---|---|
| Total Collective Settlement Recovery (from all Defendants) | $4,200,000.00 |
| Amount Paid for Attorney Fees & Expenses | $1,841,033.00 |
| Total of Plaintiffs' Portion Of Recovery | $2,358,967.00 |
| Paid to Blue Cross Blue Shield Lien | - $330,000.00 |
| Paid in to Medicare Set Aside Annuity | - $215,257.00 |
| Paid as Reimbursement to Ms. Balliet's Parents for expenses | - $300,000.00 |
| Paid in to a Special Needs Trust for the Care of Margaret Balliet an Incapacitated Adult | $1,513,710.00 (remainder) |

The payments of the foregoing collective amounts are further set forth in the Parties' individuals Settlement Agreements (some of which are confidential), and are paid for the full and final settlement of all past and future claims, demands, and causes of action which

have been held or may now or in the future be owned or held by or on behalf of Plaintiffs, including, without limitation, those for wrongful death and/or survival, personal injury, physical pain and suffering, mental pain and anguish, physical impairment, loss of earnings, loss of earning capacity, loss of consortium, loss of parental consortium, subrogation, pecuniary losses and/or other losses, psychiatric or psychological expense, doctors' fees, hospital expenses, nursing home expenses, Medicare and/or Medicaid expenses, attorneys' fees, costs of court and all other damages of every kind whatsoever, whether known or unknown, including any claims, demands or causes of action which have arisen, or may arise, as a result of the accident involving Ms. Margaret Balliet which occurred on or about December 9, 2008 on I-40 near Amarillo, Texas; and

The settlement funds totaling $3,984,743.00 will be disbursed to "THE LAW OFFICES OF BROADUS A. SPIVEY IN TRUST FOR ALL PLAINTIFFS, COUNSEL AND OTHERS ENTITLED TO RECEIVE FUNDS" (with each of the Defendants paying their agreed to portion of the foregoing). Plaintiffs' counsel shall distribute from their trust account the funds necessary for the items addressed in the preceding table (with the exception of the Medicare Set Aside). The settlement funds totaling $215,257.00 will be disbursed to the annuity company for creation of the Medicare Set Aside Account to benefit Margaret Balliet.

It further appears to the Court that the terms of the Settlement Agreements between the Parties provide that the Plaintiffs will pay all fees due to Plaintiffs' attorneys from the settlement amounts set forth in the Agreement. Plaintiffs and Plaintiffs' attorneys acknowledge and agree that each Defendant and the other released parties and entities shall bear no responsibility for payment of Plaintiffs' attorneys' fees; and

It further appears to the Court that the terms of the Settlement Agreements provide that all Parties will pay their own court costs which are in any way associated with the incident and/or lawsuit in question; and

It further appears to the Court that under the terms of the Settlement Agreements, Plaintiffs are responsible for any and all potential or future tax liabilities. Plaintiffs acknowledge and agree that Defendants and the other released parties and entities shall bear no responsibility for payment of any potential or future tax liabilities of Plaintiffs, including those for incapacitated adult Ms. Margaret Balliet, which may in any way be related to the incident made the basis of this lawsuit or the Parties' Settlement Agreements; and

It further appears to the Court that the terms of said Settlement Agreements and payments of settlement funds provide that the settlement of Plaintiffs' claims as to each of the Defendants are to be considered for full and final settlement of and a complete release, discharge and bar to all claims, demands, controversies, actions or causes of action by or on behalf of the Plaintiffs, including incapacitated adult Ms. Margaret Balliet, against Defendants and their agents, servants, subsidiaries, affiliates, insurers, successors, dealerships, advertisers, marketing companies, legal representatives, attorneys, distributors, employees, directors, members, officers, shareholders and any parent, successor or predecessor corporations thereof, and for any and all claims of any sort, including claims of negligence or gross negligence and/or products liability, including claims against any person or entity who might have sold, serviced, inspected or repaired the vehicle in question, and all persons, firms, organizations or corporations in privity with the aforementioned released parties, including without limitation, Subaru Defendants and all of their agents, servants, attorneys, authorized dealers, distributors, vendors, suppliers,

component part suppliers, legal representatives, employees, directors, shareholders, members, officers, parents, subsidiaries, affiliates, predecessors, successors and insurers (collectively referred to hereinafter as "Releasees") for any and all actual damages, including but not limited to, damages for wrongful death and/or survival, personal injury, physical pain and suffering, mental pain and anguish, physical impairment, loss of earnings, loss of earning capacity, loss of consortium, loss of parental consortium, subrogation, pecuniary losses and/or other losses, including exemplary damages, and/or treble damages, psychiatric or psychological expense, doctors' fees, hospital expenses, nursing home expenses, Medicare and/or Medicaid expenses, attorneys' fees, costs of court and all other damages of every kind whatsoever, whether known or unknown, including any claims, demands or causes of action which have arisen, or may arise, as a result of the accident which occurred on or about December 9, 2008 in Amarillo, Texas.

The Plaintiffs, including incapacitated adult Ms. Margaret Balliet by and through her guardian ad litem, have agreed that the settlements discussed herein may be pled as an absolute and final bar to any and all suits, claims, actions or causes of action and that all releases that pertain to the liability of the Parties, persons and/or entities shall become final, irrevocable and absolute upon the signing of the Agreements; and

It further appears that Plaintiffs, including incapacitated adult Ms. Margaret Balliet, have agreed to INDEMNIFY AND HOLD HARMLESS Releasees and anyone in privity with Releasees from any claims, demands, actions or causes of action of whatsoever nature which have been or may hereafter be asserted by any person, firm or corporation whomsoever, including any person or entity who might have sold, serviced, inspected or repaired the vehicle in question, claiming by, through or on behalf of or under the Plaintiffs for the alleged injuries as a result of the above incident made the basis of this suit,

including any claims, cross-claims, counterclaims or subrogation which may at any time in the future be made against Releasees or anyone in privity with Releasees; and

The agreements to indemnify expressly apply without limitation even to actual or alleged negligence, gross negligence, breach of express or implied warranties, strict products liability, violation of the Texas Deceptive Trade Practices-Consumer Protection Act, violation of any wrongful death and/or survival statute, or violation of any act or statute of any other state or the United States, or any other statutory violation by Releasees, and further provide that Plaintiffs have agreed to indemnify and hold harmless Releasees and anyone in privity with Releasees from all hospital liens or hospital bills, nursing home liens, nursing home bills, Medicare liens, or Medicaid liens incurred by any of the undersigned Plaintiffs as a result of the accident in question; and

It further appears to the Court that the duly licensed attorney, Brian P Heinrich, has been appointed Guardian Ad Litem by the Court to represent the interests of the incapacitated Adult Plaintiff Ms. Margaret Balliet and that he has represented the interest of Ms. Balliet during settlement funds apportionment and agreement terms. It is hereby ORDERED that Brian P. Heinrich be paid the sum of $ _28,700._ to be paid by _Defendants_ and a check for which shall be provided to Mr. Heinrich within 10 business days of the signing of this order; and said Guardian Ad Litem having asked for and received reasonable time to acquaint himself with the facts and the law herein and, after study and deliberation, has reported to the Court that, in his opinion, the agreements of settlement and apportionment as presented to the Court are fair, just and reasonable and in the best interests of the incapacitated adult Plaintiff Margaret Balliet and should be approved; and

It further appears to the Court that Plaintiffs will execute and to deliver the necessary Settlement Agreements as part of the settlement terms, and upon review of such Settlement Agreement and Release, that such Settlement Agreements are in proper and appropriate form and will be executed as approved by Brian P. Heinrich on behalf of incapacitated adult Plaintiff Margaret Balliet with full authority and by Order of the Court, being in all things approved, as a part of the settlement in this case; and that said Settlement Agreements need not be required to be filed of record with this Court; and

It further appears to the Court that the terms of the agreements of settlement presented to the Court are FAIR, JUST AND REASONABLE and that the apportionment hereinafter ordered by the Court is FAIR, JUST AND REASONABLE and in the best interest of the incapacitated adult Plaintiff Margaret Balliet and should be approved; and

The Court, having read the pleadings in this case and having heard full testimony, finds that there is a question as to liability in this case, and that there is an issue also as to the extent of damages to which Plaintiffs are entitled, and the Court further finds from the evidence that such agreements of settlement are not an admission of liability on the part of any of the Defendants herein, and further, the Court is of the opinion that the agreements of settlement of the parties are just, fair and equitable and should be approved and said agreement are hereby **APPROVED**; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** by the Court that Plaintiffs do have and recover of and from Defendants the amounts which are set forth in "Exhibit A" ~~the Settlement Agreements~~.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that upon rendition of the foregoing Order, the Defendants will fully pay and discharge same in its entirety, in the manner prescribed by this Order, and in accordance with the provisions of this Order,

Defendants and the other aforementioned released parties, are forever fully discharged and released from any liability based upon any claims, demands, actions or causes of action made or claimed by Plaintiffs, or anyone acting in or on their behalf, including Plaintiffs, arising from the accident made the basis of the above styled and numbered cause. All of such claims are hereby **DISMISSED WITH PREJUDICE**; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that any and all remaining claims, including cross-claims and/or counter-claims between and/or among the Parties are hereby **DISMISSED WITH PREJUDICE**; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that all nursing, hospital, pharmaceutical, doctor, psychiatric, and/or medical expenses, and any hospital liens and/or Medicare and/or Medicaid liens incurred by or on behalf of the Plaintiffs, incapacitated adult Plaintiff Margaret Balliet, to date, based in any way on the accident referenced above, have been or will be paid immediately by Plaintiffs and/or Plaintiffs' attorneys out of the proceeds of the settlement; and

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that any and all attorneys' fees, litigation expenses or other such costs incurred by or on behalf of Plaintiffs shall be paid from the settlement proceeds, and the Court having been advised of the attorneys' fees, litigation expenses and other costs incurred by or on behalf of the Plaintiffs hereby approves them as fair and reasonable.

**IT IS SO ORDERED.**

Signed this 5th day of October, 2010.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

WE APPROVE THIS AGREED JUDGMENT AS TO FORM AND AGREE TO THE ENTRY OF THE JUDGMENT:

*/s/ Broadus A. Spivey*
BROADUS A. SPIVEY
Texas State Bar No. 00000076
bas@spivey-law.com
LAW OFFICES OF BROADUS A. SPIVEY
48 East Avenue
Austin, TX 78701
512-474-6061
512-474-1605 (fax)

PETER PERLMAN
Pro Hac Vice Attorney
peteperlman@peteperlman.com
388 South Broadway
Lexington, KY 40508-2595
859-253-3919
859-259-0493 (fax)

ATTORNEYS FOR PLAINTIFFS

*/s/ Brian P. Heinrich*
BRIAN P. HEINRICH
Texas State Bar No. 09382320
brian@templetonsmithee.com
TEMPLETON, SMITHEE, HAYES,
HEINRICH & RUSSELL, LLP
320 S. Polk Suite 1000
Amarillo, Texas 79101
806-324-0324
806-379-8568 (fax)

GUARDIAN AD LITEM FOR
INCAPACITATED ADULT PLAINTIFF
MARGARET BALLIET

*/s/ Jack Odell Nelson, Jr.*
JACK ODELL NELSON, JR.
Texas State Bar No. 14909500
jonj@nelsonfirm.com
NELSON & NELSON
1001 Main Street, Suite 601
Lubbock, TX 79401
806-747-7037
806-747-7060 (fax)

ATTORNEY FOR ZACHARY CHARLES PATTON

*/s/ Kurt C. Kern*
KURT C. KERN
Texas State Bar No. 11334600
kkern@hdbdk.com
ABIGAIL A. MATHEWS
Texas State Bar No. 24013114
amathews@hdbdk.com
HARTLINE, DACUS, BARGER,
DREYER & KERN, L.L.P.
6688 North Central Expressway, Suite 1000
Dallas, TX 75206
214-369-2100
214-369-2118 (fax)

ATTORNEYS FOR DEFENDANTS
SUBARU OF AMERICA, INC. AND
SUBARU OF INDIANA AUTOMOTIVE, INC.

*/s/ Larry D. Warren*
LARRY D. WARREN – Lead Attorney
Texas State Bar No. 20888450
ldw@ballandweed.com
BALL & WEED, PC
10001 Reunion Place, Suite 600
San Antonio, TX 78216
210-731-6350
210-785-2950 (fax)

ATTORNEY FOR HIGH PRO LOGISTICS AND REFIK APINYAN

"Exhibit A"

| To be paid by | Amount |
|---|---|
| ① Subaru Defendants | $1,950,000.00 |
| ② Refik Apinyan & Hgn Pro Logistics | $750,000.00 |
| ③ Zachary Charles Patton | $1,500,000.00 |